WILLIAM R. TAMAYO, SBN 084965 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
SIRITHON THANASOMBAT, SBN 270201 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
The Phillip Burton Federal Building
450 Golden Gate Avenue, 5 West
P.O. Box 36025
San Francisco, CA  94102
Telephone No. (415) 522-3076
Fax No. (415) 522-3425
Sirithon.Thanasombat@eeoc.gov

*Attorneys for Plaintiff EEOC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | • **CIVIL RIGHTS – AMERICANS WITH DISABILITIES ACT** |
| LIBERTY CHRYSLER, JEEP, DODGE LLC and INTERNET AUTO RENT & SALES OF LAS VEGAS INC. | **[42 U.S.C. §§ 12117(a)]** |
| Defendant. | **JURY TRIAL DEMAND** |

## NATURE OF ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of a disability and to provide appropriate relief to Charging Party Shara Rynearson who was adversely affected by such practices.  The United States Equal Employment Opportunity Commission ("Commission" or "EEOC") alleges that Defendant entities, an integrated enterprise consisting of Liberty Chrysler, Jeep, Dodge LLC and Internet Auto Rent & Sales of Las Vegas Inc. (collectively referred to as "Defendant Employer"), failed to provide Ms. Rynearson with a reasonable accommodation and subsequently terminated her employment because of her disability, in violation

of the ADA, as alleged with greater particularity in the paragraphs 17 through 27 below.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981(a).

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Nevada, Reno Division.

## PARTIES

3.      Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.      At all relevant times, Liberty Chrysler, Jeep, Dodge LLC has been a limited liability corporation doing business in the State of Nevada, City of Winnemucca, owned by John C. Stephens, and has continuously employed fewer than fifteen (15) employees.

5.      At all relevant times, Internet Auto Rent & Sales of Las Vegas Inc. has been a privately owned corporation doing business in the State of Nevada, City of Reno, owned by John C. Stephens, and has continuously employed at least fifteen (15) employees.

6.      At all relevant times, Liberty Chrysler, Jeep, Dodge LLC and Internet Auto Rent & Sales of Las Vegas Inc. ("the entities") have operated as a single integrated enterprise by maintaining interrelated operations, common management, centralized control of labor relations, and common ownership or financial control.  The integrated aspects of Defendant's operations include, but are not limited to, the following:

(a)      John C. Stephens owns both Liberty Chrysler, Jeep, Dodge LLC and Internet Auto Rent & Sales of Las Vegas Inc.

(b)    John C. Stephens is the Registered Agent for both Liberty Chrysler, Jeep, Dodge LLC and Auto Rent & Sales of Las Vegas Inc.

(c)    John C. Stephens is listed as the manager of Liberty Chrysler, Jeep, Dodge LLC with the Nevada Secretary of State.  His address is listed as 1220 Kietzke Lane, Reno, NV 89502.

(d)    John C. Stephens is listed as the President, Secretary, Treasurer, and Director of Internet Auto Rent & Sales of Las Vegas Inc. with the Nevada Secretary of State.  His address is listed as 1220 Kietzke Lane, Reno, NV 89502.

(e)    Both Liberty Chrysler, Jeep, Dodge LLC and Internet Auto Rent & Sales of Las Vegas Inc. are car dealerships in the business of selling cars.

(f)    Upon information and belief, John C. Stephens was the only person authorized to negotiate business contracts for Liberty Chrysler, Jeep, Dodge LLC and Auto Rent & Sales of Las Vegas Inc.

(g)    Upon information and belief, at all relevant times, employees from Auto Rent & Sales of Las Vegas Inc. worked at Liberty Chrysler, Jeep, Dodge LLC without having to apply for a position at Liberty Chrysler, Jeep, Dodge LLC.

(h)    At all relevant times, Barbara Anderson was the Controller at Liberty Chrysler, Jeep, Dodge LLC and Internet Auto Rent & Sales of Las Vegas Inc. Her responsibilities as the Controller included, but are not limited to, overseeing the financial accounting of both entities; responding to employee questions related to payroll, business transactions, and W2 forms; and reviewing financial statements of both entities.  Upon information and belief, managers referred employees to Ms. Anderson for human resources and personnel matters.

(i)    Upon information and belief, the same employee handbook was distributed to employees at both Liberty Chrysler, Jeep, Dodge LLC and Auto Rent & Sales of Las Vegas Inc.

7.    This integrated entity is the Defendant Employer in this action.  All of the acts and failures to act alleged herein were duly performed by and attributable to all entities.  Each entity will be considered to have participated in, approved, and/or ratified the unlawful acts and omission by the other entity complained of herein.  Whenever and wherever reference is made in this Complaint to any act by Defendant Employer or one of the above referenced entities, such allegations and references shall also be deemed to mean the acts and failures to act of each entity acting individually, jointly, and/or severally.

8.    At all relevant times, Defendant Employer has been doing business in the State of Nevada, and has continuously employed a combined total of at least fifteen (15) employees.

9.    At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

10.    At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**CONDITIONS PRECEDENT**

11.    More than thirty (30) days prior to the institution of this lawsuit, Charging Party Shara Rynearson filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by Defendant Employer.

12.    Plaintiff issued to Defendant Employer a Letter of Determination dated April 25, 2014, notifying it that the EEOC had found reasonable cause to believe that Defendant Employer failed to provide Ms. Rynearson with a reasonable accommodation and subsequently terminated her employment because of her disability in violation of the ADA.

13.    Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADA through informal methods of conference, conciliation , and persuasion within the meaning of Section 706 (b) of Title VII, 42 U.S.C. § 2000e-5.

14.    The conciliation efforts required by law have occurred and were unsuccessful.

    (a)    Plaintiff issued to Defendant Employer a letter dated June 18, 2014, inviting it to participate in conciliation.

    (b)    Plaintiff issued to Defendant Employer a letter dated December 3, 2014, advising it that the EEOC was not able to secure an agreement acceptable to the Commission, and efforts to conciliate the case were unsuccessful.

15.    All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

16.    Since at least October 2010, Defendant Employer has engaged in unlawful employment practices at its Liberty Chrysler, Jeep, Dodge LLC facility, in violation of Section 102(a) and (b)(5)(A) of the ADA, 42 U.S.C. § 12112(a) and (b)(5)(A), by failing to provide Ms. Rynearson with a reasonable accommodation for her disability and instead, terminating her employment because of her disability.

17.    Ms. Rynearson is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).  Ms. Rynearson has an impairment, Multiple Sclerosis (MS), that substantially limits several major life activities, including seeing, walking, standing, and the operation of major bodily functions such as neurological functions and functions of the immune system.

18.    At all relevant times, Ms. Rynearson was qualified to perform the essential functions of her job as a Commissioned Sales Person at the Liberty Chrysler, Jeep, Dodge LLC facility. Defendant Employer hired Ms. Rynearson on July 28, 2010, as a Commissioned Sales Person. Every week, Ms. Rynearson was scheduled to work from Wednesday through Saturday, and was off from Sunday through Tuesday.  Ms. Rynearson performed her duties satisfactorily prior to her discharge.

19.    In October 2010, Ms. Rynearson experienced severe dizziness, loss of motor skills, inability to form words, double vision, inability to write, and numbness to the right side of her face. Ms. Rynearson also experienced spells of faintness and a sudden reduction of vision.

20.     On or about Saturday, October 2, 2010, Ms. Rynearson informed Defendant Employer's Sales Manager, Thomas Koeble, that her balance was off, that her vision had worsened, and that half of her face was numb.

21.     On Monday, October 4, 2010, Ms. Rynearson went to the emergency room of a hospital in Winnemucca, NV.

22.     On or about Wednesday, October 6, 2010, on Ms. Rynearson's scheduled work day, Ms. Rynearson informed Mr. Koeble over the phone that she had been to the emergency room and needed to go to a hospital in Reno, NV, for follow up tests.

23.     On Saturday, October 9, 2010, Ms. Rynearson went to the emergency room of a hospital in Reno, NV.  Ms. Rynearson was informed that it was very likely that she had MS, but that additional tests were necessary to confirm the diagnosis, which would take a few weeks.

24.     On or around Sunday, October 10, 2010, Ms. Rynearson visited the Liberty Chrysler, Jeep, Dodge LLC facility to inform Mr. Koebele that based on her visit to the Reno hospital, it was very likely that she had MS.  She brought her emergency room discharge documents to the Liberty Chrysler, Jeep, Dodge LLC facility.  Ms. Rynearson informed Mr. Koeble that she had an appointment with a neurologist on November 1, 2010, and would not be able to work until after this appointment.

25.     On or around Thursday, October 28, 2010, Ms. Rynearson visited the Liberty Chrysler, Jeep, Dodge LLC facility and handed Mr. Koeble a doctor's note excusing her absence from "Oct. 4th to currently due to medical illness."

26.     Around the same time, Ms. Rynearson also informed Defendant Employer that more medical testing was scheduled in November.

27.     On November 5, 2010, Defendant Employer terminated Ms. Rynearson's employment.  Defendant Employer failed to engage in the interactive process regarding Ms. Rynearson's request for an accommodation and instead, discharged her because of her disability.

28.     The effect of the practices complained of in paragraphs 17 through 27 above has been

to deprive Ms. Rynearson of equal employment opportunities and otherwise to adversely affect her status as an employee because of her disability.

29.    The unlawful employment practices complained of in paragraphs 17 through 27 above were intentional.

30.    The unlawful employment practices complained of in paragraphs 17 through 27 above were done with malice or with reckless indifference to the federally protected rights of Ms. Rynearson.

31.    As a direct and proximate cause of Defendant's acts as stated above, Ms. Rynearson suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

32.    As a direct and proximate cause of Defendant's acts as stated above, Ms. Rynearson suffered loss of earnings including back pay, front pay, and benefits in amounts according to proof.

## PRAYER FOR RELIEF

Based on the foregoing, the EEOC respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, agents, servants, employees, and all persons in active concert or participation with it, from engaging in discrimination on the basis of disability.

B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Employer to make whole Ms. Rynearson by providing appropriate back pay, lost benefits, and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.    Order Defendant Employer to make whole Ms. Rynearson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

E.    Order Defendant Employer to make whole Ms. Rynearson by providing

compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

      F.     Order Defendant Employer to pay Ms. Rynearson punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

      G.    Grant such further relief as the Court deems necessary and proper in the public interest.

      H.    Award the Commission its costs of this action.

/ / /

/ / /

/ / /

1

**JURY TRIAL DEMAND**

2      The Commission requests a jury trial on all questions of fact raised by its Complaint.

3

4

5

6      Dated: April 23, 2015                    Respectfully Submitted,

7                                               P. DAVID LOPEZ
8                                               General Counsel

9                                               JAMES L. LEE
                                                Deputy General Counsel
10

11                                              GWENDOLYN YOUNG REAMS
                                                Associate General Counsel
12

13                                              U.S. EQUAL EMPLOYMENT
                                                OPPORTUNITY COMMISSION
                                                Office of the General Counsel
14                                              131 M Street, NE
                                                Washington, DC 20507
15

16                                              By: _____
                                                    WILLIAM TAMAYO
17                                                  Regional Attorney

18                                              U.S. EQUAL EMPLOYMENT
                                                OPPORTUNITY COMMISSION
19                                              San Francisco District Office
                                                350 The Embarcadero, Suite 500
20                                              San Francisco, CA 94105-126

21

22

23

24

25

26

27

COMPLAINT
EEOC v. LIBERTY CHRYSLER, JEEP, DODGE