DAVID C. McELHINNEY, ESQ.
Nevada Bar No. 33
SCOTT S. HOFFMANN, ESQ.
Nevada Bar No. 8498
LEWIS ROCA ROTHGERBER LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone: (775) 823-2900
Facsimile: (775) 823-2929
DMcElhinney@LRRLaw.com
SHoffman@LRRLaw.com

*In Association with:*

Robert B. White, Esq. *(pro hac vice to be submitted)*
GIVENS PURSLEY LLP
601 W. Bannock Street
Boise, ID 83702
Telephone: (208) 388-1200
rbw@givenspursley.com

*Attorneys for Defendants*
*Liberty Chrysler, Jeep, Dodge, LLC and*
*Internet Auto Rent & Sales of Las Vegas Inc.*



FILED ✓   RECEIVED ___
ENTERED ___   SERVED ON ___
COUNSEL/PARTIES OF RECORD

NOV 23 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br>LIBERTY CHRYSLER, JEEP, DODGE LLC AND INTERNET AUTO RENT & SALES OF LAS VEGAS INC.,<br>　　　　　　　　　Defendants. | Case No. 3:15-cv-00232-HDM-VPC<br><br>**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |

Plaintiff United States Equal Employment Opportunity Commission and Defendants Liberty Chrysler, Jeep, Dodge LLC and Internet Auto Rent & Sales of Las Vegas, Inc. (collectively referred to as "Parties" and individually referred to as "Party") understand that this case (the "Litigation") will involve the production and use of protected health information. Accordingly, pursuant to Fed. R. Civ. P. 26(c) and 45 CFR § 164.512(e)(1), the Court finds good cause for entering the following protective order governing the handling of protected health

6991670_1

1  information (the "Protective Order"). The procedures described below will govern the production
2  and use of such information by any person in connection with the Litigation.

3      1.    **Definition of "Protected Health Information ("PHI")**. "Protected Health
4  Information" ("PHI") shall have, generally, the same scope and definition as set forth in 45 CFR §
5  160.103. Without limiting the generality of the foregoing, PHI includes, but is not limited to, Ms.
6  Shara Rynearson's individually identifiable health information for the time period commencing
7  January 1, 2010, and continuing through and including the present date, which identifies Ms.
8  Rynearson or which reasonably could be expected to identify Ms. Rynearson, including
9  demographic information, relating to: (a) the past, present, or future physical or mental condition
10 of an individual; or (b) the provision of care to an individual. **To be clear you are only to
11 provide PHI for the time period commencing January 1, 2010, and continuing through and
12 including the present date.**

13     2.    **Purpose of the Protective Order**. The disclosure of PHI outside the scope of the
14 Litigation could result in significant injury to the privacy interests of individual patients. The
15 Court has entered this Protective Order to prevent the disclosures and use of PHI except as set
16 forth below.

17     3.    **Authorization to Disclose, Request and Receive PHI**. All "covered entities" (as
18 defined by 45 CFR § 160.103) are hereby authorized to disclose **PHI for the time period
19 commencing January 1, 2010, and continuing through and including the present date**, as
20 necessary to comply with and subject to the limitations of the Federal Rules of Civil Procedure,
21 the discovery served in this case, and the Orders of this Court. Without limiting the generality of
22 the foregoing, "covered entities" include health care providers. The Parties to the Litigation and
23 their attorneys are hereby authorized to receive, subpoena, request, and transmit PHI to comply
24 with, in accordance with, and subject to the limitations of the Federal Rules of Civil Procedure, the
25 discovery served in this case, and the Orders of this Court. Any discovery served and documents
26 produced related to PHI shall be consistent with the orders of this Court.

27     4.    **Collection of Medical Records or Information**. Nothing in this Order authorizes
28 any Party to obtain medical records or information through means other than (a) formal discovery

LEWIS ROCA
ROTHGERBER
50 West Liberty Street
Suite 410
Reno, Nevada 89501

requests, subpoenas or depositions, (b) pursuant to patient authorization, or (c) through attorney-client communications.

5. **Use of Medical Records or Information.** All documents containing PHI and the PHI therein shall be used solely for the purpose of conducting this litigation. Documents with PHI and the PHI may be disclosed only to the following persons:

   a. Attorneys of record for any party to this action, and all legal support personnel, and clerical employees working under the direct supervision of such counsel;

   b. The parties to this action;

   c. The Court and its personnel;

   d. Witnesses, independent consultants, or experts retained by any of the parties to this action to assist in the preparation and trial of this litigation, who any of the parties, in good faith, determines need to view such documents for the purposes of this litigation;

   e. Any arbitrator or mediator designated in this action;

   f. Any court reporter employed in connection with a deposition in this litigation;

   g. Any person approved in writing, in advance of disclosure, by the requesting party.

All persons reviewing or receiving copies of documents containing PHI are enjoined from disclosing the contents thereof to any other person other than for the prosecution or defense of this action, except in conformity with this Protective Order, and hereby by signing the Declaration attached hereto as **Exhibit A**, agree to subject themselves to the jurisdiction of the Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of this Protective Order. The recipient of any confidential document shall maintain such information in a secure and safe area.

6. **Custody and Reproduction of Confidential Information.** During the pendency of the Litigation, counsel shall retain custody of the PHI, except that individuals authorized to review or receive the PHI pursuant to this Protective Order may retain custody of any copies of reproductions as reasonably necessary for the Litigation and at the conclusion of the Litigation, including the conclusion of all appeals, shall destroy all PHI that was provided to them and shall, within 45 days of the conclusion of the Litigation and all appeals, certify in writing to the EEOC

6991670_1

that they have destroyed all PHI that was provided to them. No other copies or reproduction of Confidential Information shall be made.

Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule 10-5(b). Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu,* 447 F.2d 1172 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n,* 605 F.3d 665, 677-78 (9th Cir. 2010)[1].

7. **Continuing Obligations Under Protective Order.** The termination of this Litigation shall not relieve counsel or other persons obligated under this Protective Order from their responsibility to comply with this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

8. **Destruction of Confidential Information At Conclusion of Litigation.** Within 45 days of the conclusion of the Litigation, including the conclusion of all appeals, defendants' counsel shall destroy and certify in writing to the EEOC that all PHI in this case has been destroyed.

9. **Authenticity and Admissibility of Confidential Information.** By stipulating to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

///
///
///
///
///
///
///

---

[1] The Parties stipulate that they will seek an order to allow all documents and papers received from Ms. Rynearson's medical providers to be filed under seal.

4

6991670_1

10. **Further Protection of Confidential Information.** Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which PHI shall be treated at trial.

**IT IS SO STIPULATED:**

DATED this 20th day of November, 2015.         DATED this 20th day of November, 2015.

LEWIS ROCA ROTHGERBER LLP                      U.S. EQUAL EMPLOYMENT
                                               OPPORTUNITY COMMISSION

/s/ David C. McElhinney                        /s/ Sirithon Thanasombat
David C. McElhinney, State Bar No. 33          Jonathan Peck, Esq.
Scott S. Hoffmann, State Bar No. 8498          Marcia L. Mitchell, Esq.
50 W. Liberty Street, Ste. 410                 Sirithon Thanasombat, Esq.
Reno, Nevada 89501                             Raymond T. Cheung, Esq.

*In association with:*                         San Francisco District Office
                                               Phillip Burton Federal Building
Robert B. White, Esq. *(pro hac vice to be*    450 Golden Gate Ave., 5 West
*submitted)*                                   P.O. Box 36025
GIVENS PURSLEY LLP                             San Francisco, CA 94102
601 W. Bannock Street
Boise, ID  83702                               *Attorneys for Plaintiff U.S. Equal*
                                               *Employment Opportunity Commission*
*Attorneys for Defendants*
*Liberty Chrysler, Jeep, Dodge LLC and*
*Internet Auto Rent & Sales of Las Vegas Inc.*

**ORDER**

IT IS SO ORDERED this 23rd day of November, 2015.

United States Magistrate Judge

5

6991670_1

# EXHIBIT A

# EXHIBIT A

# DECLARATION

I, _____, swear or affirm and state under penalty of perjury:

1. I work at _____.
My title is _____.

2. I have read the "Qualified Protective Order" in U.S. Equal Employment Opportunity Commission v. Liberty Chrysler, Jeep, Dodge LLC and Internet Auto Rent & Sales of Las Vegas Inc., Case No. 3:15-cv-00232-HDM-VPC pending in the U.S. District Court for the District of Nevada (the "Protective Order").

3. I acknowledge and understand that Protected Health Information (PHI), as that term is defined in the Protective Order, is protected from disclosure and misuse by federal and state law.

4. Disclosure of PHI outside the limited scope of the Protective Order, or lack of protection of PHI, may subject the party that disclosed or caused the disclosure of the PHI to penalties as well as to a possible order of contempt from the Court.

5. I will abide by the terms of the Protective Order. I have not and will not disclose any PHI except as authorized in the Protective Order. I will not use the PHI for any purpose other than this Litigation.

6. Within 45 days of the conclusion of the Litigation, including the conclusion of all appeals, I shall destroy all PHI provided to me in the case and certify in writing to counsel for the EEOC that all PHI provided to me in this case has been destroyed. I will mail or email my certification to Siri Thanasombat, EEOC Attorney, San Francisco District Office, 450 Golden Gate Avenue, 5th Floor West, and P.O. Box 36025, San Francisco, CA 94102.

7. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

Date:_____     _____
                            (Signature)

                            _____
                            (Print or Type Name)
Address:_____
_____
_____
Telephone Number:_____

6991670_:

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that I am an employee of LEWIS ROCA ROTHGERBER LLP, and that on the 20th day of November, 2015, I caused the foregoing **STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** to be served:

   **x**   by placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail at Reno, Nevada, postage prepaid, following ordinary business practices, addressed as follows:

| | |
|---|---|
| Jonathan T. Peck, Esq.<br>U.S. Equal Employment<br>   Opportunity Commission<br>San Francisco District Office<br>Phillip Burton Federal Building<br>450 Golden Gate Ave, 5 West<br>P.O. Box 36025<br>San Francisco, CA 94102<br><br>*Attorneys for U.S. Equal<br>Employment Opportunity<br>Commission* | Robert B. White, Esq.<br>Givens Pursley LLP<br>601 W. Bannock Street<br>P.O. Box 2720<br>Boise, ID 83701-2710<br><br>*Attorneys for Defendants<br>Liberty Chrysler, Jeep, Dodge, LLC<br>and Internet Auto Rent & Sales of Las<br>Vegas Inc.* |

   **x**   by electronically filing the foregoing with the CM/ECF electronic filing system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Marcia L. Mitchell, Esq.<br>*marcia.mitchell@eeoc.gov*<br>Sirithon Thanasombat, Esq.<br>*sirithon.thanasombat@eeoc.gov*<br>Raymond T. Cheung, Esq.<br>*raymond.cheung@eeoc.gov*<br><br>*Attorneys for U.S. Equal<br>Employment Opportunity<br>Commission* | Holly A. Vance, Esq.<br>*holly.a.vance@usdoj.gov*<br><br>*Attorneys for Movant United States of<br>America* |

/s/ Deborah A. Haffey
Deborah A. Haffey

LEWIS ROCA ROTHGERBER
50 West Liberty Street
Suite 410
Reno, Nevada 89501

6

6991670_1