ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
SIRITHON THANASOMBAT, SBN 270201 (CA)
RAYMOND CHEUNG, SBN 176086 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105
Telephone No. (415) 522-3076
Fax No. (415) 522-3425
Sirithon.Thanasombat@eeoc.gov

*Attorneys for Plaintiff EEOC*

ROBERT B. WHITE
GIVENS PURSLEY LLP
601 W. Bannock Street
Boise, ID 83701
Telephone No. (208) 388-1285
Fax No. (208) 388-1300
rbw@givenspursley.com

*Attorney for Defendants*



## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY CHRYSLER, JEEP, DODGE LLC, INTERNET AUTO RENT & SALES OF LAS VEGAS INC., and INTERNET AUTO RENT & SALES INC.<br><br>Defendants. | Case No.: 3:15-cv-00232-HDM-VPC<br><br>**CONSENT DECREE** |

## INTRODUCTION

On April 28, 2015 Plaintiff Equal Employment Opportunity Commission (EEOC) filed this action pursuant to the Americans with Disabilities Act of 1990 as amended (ADA) and Title I of the

Civil Rights Act of 1991. Plaintiff alleged that Defendants, Liberty Chrysler, Jeep, Dodge LLC (Liberty Chrysler), Internet Auto Rent & Sales of Las Vegas Inc. (Internet Auto Vegas), and Internet Auto Rent & Sales Inc. (Internet Auto) failed to provide a reasonable accommodation to Ms. Shara Rynearson and then discriminatorily terminated her employment based on her disability.

In order to avoid the additional expense, delay, and uncertainty that would result from further litigation of this lawsuit, the Parties agree to the entry of this Consent Decree.

The Court has reviewed the terms of this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves this Consent Decree in its entirety.

Therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

## SECTION I. GENERAL PROVISIONS

1. This Court has jurisdiction over the subject matter and the Parties to this action. This Court will retain jurisdiction over this Decree for all purposes until expiration of Defendants' obligations as set forth herein.

2. This Consent Decree constitutes a full resolution of this case, *U.S. EEOC v. Liberty Chrysler, Jeep, Dodge LLC, Internet Auto Rent & Sales of Las Vegas Inc., Internet Auto Rent & Sales Inc.*, Case No. 3:15-cv-00232-HDM-VPC, U.S. District Court, District of Nevada, and all allegations set forth in Plaintiff's complaint. The Consent Decree does not, however, resolve any charges or future charges that may be pending with the EEOC.

3. No waiver, modification, or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by the Parties to this Decree.

4. This Decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission by Defendants of a violation of the ADA.

5. This Consent Decree shall become effective upon its entry by the Court.

6. Each Party shall bear its own costs and attorneys' fees.

## SECTION II. INJUNCTIVE RELIEF

1. Defendants and their officers, agents, successors, assigns are enjoined from unlawfully discriminating against any employee due to his or her disability.

2. Defendants shall make reasonable accommodations for disabled employees as

required by law, including providing a leave of absence, unless Defendants can show undue hardship or after engaging in the interactive process in good faith, can identify an effective alternative.

  3. <u>Policies</u>. Within sixty (60) days after entry of this Consent Decree, Defendants Liberty Chrysler and Internet Auto shall revise their personnel policies, to ensure they include the following:

    a. Examples to supplement the definitions of discrimination on the basis of gender, race, religion, national origin, disability, age and color, including harassment and reasonable accommodation.

    b. The identities and contact information for individuals employed by Defendants to whom employees can submit a request for reasonable accommodation and/or contact to obtain information about submitting a request for reasonable accommodation.

    c. A description of the consequences, up to and including termination, which will be imposed upon employees who violate Defendants' policies requiring reasonable accommodation.

    d. An assurance that applicants and employees who request reasonable accommodation will not face retaliation, such as termination or any other adverse employment actions because of such request.

    e. Defendants shall submit to the EEOC for its review and consideration Defendants' revised policies no later than thirty (30) days before adoption. The EEOC will notify Defendants within ten (10) days of receipt of the policies if it has any concerns about the proposed revisions. If the Commission does not object to the revisions to the policies within ten (10) days of its receipt of the policies, then such non-response shall be deemed an acknowledgment that the EEOC does not object to the modifications. The EEOC agrees to review the personnel policies in good faith.

    f. Within thirty (30) days after adopting the revised policies, Defendants shall distribute the policies to all of their employees. Defendants also shall post a summary of the ADA policies on a centrally located bulletin board. Defendants shall distribute their EEO policies to new employees when hired.

    g. The revised policies shall be submitted to the EEOC within ten (10) days of adoption.

h. These policies shall not be revised during the duration of this decree without first notifying the EEOC. In the event that Defendants decide to revise their EEO policies or procedures during the term of the Decree, Defendants shall submit a copy of the revised EEO policies to the EEOC for its review at least thirty (30) days before the anticipated date of implementation. If the Commission does not object to the revisions to the policies within ten (10) days of its receipt of the policies, then such non-response shall be deemed an acknowledgment that the EEOC does not object to the modifications. The EEOC agrees to review the personnel policies in good faith.

4. <u>Performance Evaluation</u>. Defendants will revise their performance evaluation for managers to include a provision evaluating the manager's compliance with the ADA, including her or his response to requests for reasonable accommodations. Defendants will use this performance evaluation throughout the duration of this Decree.

5. <u>Notice to All Employees</u>. Within sixty (60) days of the entry of this Consent Decree, Defendant Liberty Chrysler will send a letter to all of their employees, either with their pay checks or through the U.S. Mail First Class, advising them of their rights under the ADA and informing them of how to request a reasonable accommodation. The letter also will contain the text of Exhibit A to this Decree. Defendant Liberty Chrysler will submit a copy of the letter to the EEOC within ten (10) days of issuance.

6. <u>Training</u>. Within ninety (90) days of the entry of this Consent Decree, and every twelve (12) months thereafter throughout the duration of this Decree, Defendants Liberty Chrysler and Internet Auto shall provide mandatory training for their managerial and non-managerial employees about their rights and responsibilities under the ADA. The training shall include information about steps Defendants will take in response to a request for an accommodation or when the need for an accommodation becomes clear.

a. The training required by this Decree shall be training via live video conference, lasting at least two (2) hours, and accompanied by materials. Defendants shall bear the cost of providing the training.

b. The purpose of the training shall be to give participants a thorough understanding of disability discrimination, including but not limited to the following topics: theories of liability

under the ADA, including the ADA's anti-retaliation provisions; Defendants' duty to provide reasonable accommodations absent undue hardship and the duty to engage in the interactive process to determine effective and appropriate accommodations; examples of various types of reasonable accommodations, including, specifically, leaves of absence as a form of accommodation, and examples describing how Defendants will respond to requests for accommodations; and a review of company policies (including discipline policies) and practices related to discrimination and accommodation. The training further will inform each participant that he or she is responsible for knowing and complying with the contents of Defendants' equal employment opportunity policy and the reasonable accommodation provisions therein.

c. The EEOC will be entitled to review and comment on the curriculum vitae or resume of the proposed trainer(s) as well as the syllabus and materials for the training prior to its presentation. Defendants shall submit the names of the proposed trainer(s), their resume(s) or other information setting forth the trainer's qualifications and the proposed syllabus and materials to the EEOC for its review and comments at least thirty (30) days before the anticipated date of the training. The EEOC will notify Defendants within ten (10) days of receipt of the information if it has any concerns about the proposed trainer(s), training syllabus, or training materials. The EEOC will review the trainer's qualifications and the proposed syllabus and materials in good faith.

d. All persons attending mandatory ADA/equal employment opportunity training shall acknowledge their attendance by signing their name, job title, date and time of attendance on a "sign in" list which Defendants shall preserve for the duration of the Consent Decree.

7. <u>Neutral Reference.</u> Defendants will provide a neutral reference to Ms. Rynearson that only includes her job title and dates of employment to any prospective employer that requests information pertaining to her employment with Defendants. Defendants will identify within thirty (30) days of the entry of this Consent Decree the individual whom Ms. Rynearson shall contact if she needs to request an employment reference. Defendants will provide a neutral reference within seven (7) days of Ms. Rynearson's request for a reference.

### SECTION III. MONETARY RELIEF

1. Defendants shall pay Shara Rynearson $50,000.00 (fifty thousand dollars and no

cents) less applicable deductions and withholdings in monetary relief as full settlement of all claims in this lawsuit and the charges of discrimination she filed with the EEOC. The monetary relief will be characterized as compensation for lost wages and benefits. Defendants shall issue an IRS Form W-2 to Ms. Rynearson for the monetary relief paid.

   2.   Within ten (10) days of the entry of this Consent Decree, Defendants shall issue a check for the full sum of monetary relief made payable to Shara Rynearson. The check shall be sent by certified mail, return receipt requested, to an address specified by the EEOC. An IRS Form W-2 shall be issued by January 31, 2017 to Ms. Rynearson. Defendants shall send a copy of the check and IRS Form W-2 to Counsel for Plaintiff EEOC within three (3) days after they are mailed.

## SECTION IV. NOTICE

   1.   Within thirty (30) days of entry of this Consent Decree, Defendants shall post the Notice attached as Exhibit A in a prominent place frequented by their employees at Liberty Chrysler and Internet Auto. The Notice shall remain posted for the duration of the Decree. The Notice posted at Liberty Chrysler shall include the amount of monetary relief described in Section III, above, and shall be the same type, style, and size as Exhibit A. The Notice posted at Internet Auto does not need to include the settlement amount, but otherwise shall also be the same type, style and size as Exhibit A. Should the Notice become defaced, marred, or otherwise unreadable, Defendants will ensure that new readable copies of the Notice are posted. Within sixty (60) days of entry of this Decree, Defendants will send the EEOC a certification that the Notice has been posted in accordance with this Section.

## SECTION V. REPORTING

   1.   Twelve (12) months after entry of this Consent Decree and every twelve (12) months thereafter during the term of the Decree, Defendants Liberty Chrysler and Internet Auto will submit reports to the EEOC which provide the following information: copies of the "sign in" sheets from the mandatory training required by Section II.6, above; copies of the performance evaluation(s) of all manager(s) indicating ADA compliance and all human resource employees and/ or managers responsible for responding to requests for a reasonable accommodation who were employed by Defendants at any time during the duration of this Decree; certification that the Notice, Exhibit A, is

posted and has remained posted during the preceding reporting period.

2. Twelve months (12) months after entry of this Consent Decree and every twelve (12) months thereafter during the term of the Decree, Defendants Liberty Chrysler and Internet Auto shall also mail to counsel for the EEOC a report containing a summary of all requests for reasonable accommodation of disabilities received from their employees and applicants. This summary shall contain a description of the accommodation sought, any alternative accommodations offered and, if the request was denied, an explanation of the reasons for the denial. Defendants Liberty Chrysler and Internet Auto shall also submit along with this report, copies of the documents generated as part of each request for reasonable accommodation and Defendants' resolution of such request.

3. Defendants shall submit a written certification to the EEOC verifying Defendants' compliance with the terms of the Consent Decree sixty (60) days prior to the expiration of this Consent Decree.

4. All documents or information required to be submitted by Defendants to the EEOC under the terms of this Consent Decree shall be sent to Siri Thanasombat, Trial Attorney, EEOC, 450 Golden Gate Ave, 5th Floor West, P.O. Box 36025, San Francisco, CA 94102.

### SECTION VI. ENFORCEMENT

1. If the EEOC determines that Defendants have not complied with the terms of this Decree, the EEOC will provide written notification of the alleged breach to Defendants. The EEOC will not petition the Court for enforcement of the Decree for at least thirty (30) days after providing written notification of the alleged breach. The 30-day period following the notice shall be used by the Parties to engage in good faith efforts to resolve the dispute, or for Defendants to cure the breach. The EEOC agrees to extend the 30-day period if Defendants are making reasonable efforts to resolve the dispute or otherwise cure the alleged breach.

### SECTION VII. RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE

1. In the event of a material breach of this Consent Decree by Defendants that has not been cured pursuant to Section VI, above, the EEOC may bring an action to enforce the terms of the Consent Decree, and/or to seek any other appropriate relief from the Court.

2. This Court shall retain jurisdiction over this action for the purposes of enforcing the provisions of this Consent Decree.

3. This Consent Decree shall expire three (3) years after its entry by the Court.

On behalf of Plaintiff:                     On behalf of Defendants:

/s/ Roberta Steele                          /s/ Robert White (authorized on 5/27/2016)
ROBERTA L. STEELE                           ROBERT B. WHITE
Regional Attorney                           GIVENS PURSLEY LLP
U.S. EQUAL EMPLOYMENT
 OPPORTUNITY COMMISSION


/s/ Sirithon Thanasombat
SIRITHON THANASOMBAT
Trial Attorney
U.S. EQUAL EMPLOYMENT
 OPPORTUNITY COMMISSION


IT IS SO ORDERED:

DATED:   June 15, 2016                      _____
                                            United States District Court Judge

# EXHIBIT A
# NOTICE TO ALL EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in *EEOC v. Liberty Chrysler, Jeep, Dodge LLC, Internet Auto Rent & Sales of Las Vegas Inc., Internet Auto Rent & Sales Inc.,* Case No.: 3:15-cv-00232-HDM-VPC, resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission (EEOC) against Liberty Chrysler, Jeep, Dodge LLC, Internet Auto Rent & Sales of Las Vegas Inc. and Internet Auto Rent & Sales Inc. (collectively, "Defendants"). The EEOC is the federal agency responsible for enforcing laws against discrimination in employment.

Title I of the Americans with Disabilities Act of 1990, as amended (ADA) covers individuals who have a physical or mental impairment that substantially limits one or more major life activities, who have a record of such impairment, or who are regarded as having such impairment. The ADA prohibits discrimination against individuals with disabilities in all employment practices, including job application procedures, post-offer and other employment-related medical evaluations, hiring, firing, advancement, compensation, training, and other terms, conditions, and privileges of employment. The ADA also requires employers to provide reasonable accommodations that enable people with disabilities to perform their jobs. The ADA further prohibits retaliation against employees or applicants who avail themselves of the rights provided by the ADA by engaging in protected activities such as filing a charge of discrimination and/or testifying or participating in an investigation conducted by the EEOC.

To resolve this case, Defendants and the EEOC have entered into a Consent Decree through which Defendants have agreed to comply with the ADA in all respects, and specifically by providing reasonable accommodations. Defendants also agreed that they will not take any adverse employment actions against applicants or employees for requesting a reasonable accommodation. As part of the terms of the Consent Decree, Defendants also will modify their employment policies, and will provide training to managerial and non-managerial employees regarding the ADA. Defendants will pay Ms. Shara Rynearson $50,000.00 in resolution of her ADA claims.

If you have a complaint of employment discrimination or questions regarding laws prohibiting employment discrimination, you may seek assistance from the EEOC's San Francisco District Office, 450 Golden Gate Ave, 5th Floor West, P.O. Box 36025, San Francisco, CA 94102 or by calling (415) 522-3000. General information about the EEOC and the laws enforced by the EEOC may be obtained on the Internet at www.eeoc.gov or by calling 1-800-669-4000 (TDD 1-800-669-6820).

_____
[Name of posting official]

_____
Date Posted: